UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------X

MEDICI CLASSICS PRODUCTIONS, LLC,      :

               Plaintiff,      :    07 Civ. 9938 (RJH)

    -against-                       :    ECF Case

MEDICI GROUP LLC, MEDICI GROUP          :
EUROARTS, ROBERT T. WALSTON and
JOHN DOES Nos. 1 to 10,                 :

               Defendants.     :

------------------------------------X


MEMORANDUM OF LAW BY DEFENDANTS MEDICI GROUP LLC
AND ROBERT T. WALSTON IN SUPPORT OF MOTION
TO DISMISS FOR LACK OF PERSONAL JURISDICTION


KORNSTEIN VEISZ WEXLER & POLLARD, LLP
757 Third Avenue
New York, New York 10017
(212) 418-8600
Attorneys for Defendants
Medici Group LLC and
Robert T. Walston

Table of Contents

Page

Why the Complaint Should be Dismissed . . . . . . . . . . . . . . . 1

The Complaint . . . . . . . . . . . . . . . . . . . . . . . . . . . 2

Facts Requiring Dismissal . . . . . . . . . . . . . . . . . . . . . 2

These Proceedings . . . . . . . . . . . . . . . . . . . . . . . . . 4

Standards Governing This Motion . . . . . . . . . . . . . . . . . . 4

Argument . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 6

    I    SINCE NEITHER MEDICI GROUP LLC NOR WALSTON
           DOES BUSINESS IN NEW YORK, THEY ARE NOT
           SUBJECT TO JURISDICTION IN NEW YORK UNDER CPLR 301 . 6

           No Agents . . . . . . . . . . . . . . . . . . . . . . . . 8

           Subsidiaries' Acts Not Chargeable to Parent . . . . . 8

    II   SINCE NEITHER MEDICI GROUP LLC NOR WALSTON
           "TRANSACTS" BUSINESS IN NEW YORK, THEY ARE NOT
           SUBJECT TO JURISDICTION IN NEW YORK UNDER CPLR 302   10

    III  SINCE NEITHER MEDICI GROUP, LLC NOR WALSTON
           HAS EVEN MINIMUM CONTACTS WITH THE FORUM,
           JURISDICTION OVER THEM OFFENDS DUE PROCESS . . . . 11

CONCLUSION . . . . . . . . . . . . . . . . . . . . . . . . . . . 14

Table of Authorities

Page(s)

Best Van Lines, Inc. v. Walker, 490 F.3d 239 (2d Cir. 2007)   10

Big Apple Pyrotechnics and Multimedia Inc. v. Sparktacular
Inc., No. 05 Civ. 9994, 2007 WL 747807 (S.D.N.Y. March 9 2007)   7

Burger King Corp. v. Rudzewicz, 471 U.S. 462 (1985) . . . . .   12

Credit Suisse Securities (USA) LLC v. Hilliard, 469 F.Supp.2d
103 (S.D.N.Y. 2007) . . . . . . . . . . . . . . . . . . . . . 5

Delagi v. Volkswagenwerk AG of Wolfsburg, Germany, 29 N.Y.2d
426, 328 N.Y.S.2d 653 (1972) . . . . . . . . . . . . . . . . 9

First Capital Asset Management, Inc. v. Brickellbush, Inc.,
218 F.Supp.2d 369 (S.D.N.Y. 2002) . . . . . . . . . . . . . . 5

Friars Nat. Ass'n v. 9900 Santa Monica, Inc., No. 04 Civ. 4520,
2005 WL 1026553 (S.D.N.Y. May 2, 2005) . . . . . . . . . . . 5

Frummer v. Hilton Hotels International, Inc., 19 N.Y.2d 533,
281 N.Y.S.2d 41, 44 (1967) . . . . . . . . . . . . . . . . . 8

Helicopteros Nacionales de Colombia, S.A. v. Hall, 466 U.S.
408 (1984) . . . . . . . . . . . . . . . . . . . . . . . . . 11

Internat'l Shoe Co. v. Washington, 326 U.S. 310 (1945) . 11, 12

ISI Brands, Inc. v. KCC Intern., Inc., 458 F.Supp.2d 81
(E.D.N.Y. 2006) . . . . . . . . . . . . . . . . . . . . . . . 10

Kernan v. Kurz-Hastings, Inc., 175 F.3d 236 (2d Cir. 1999) 11, 12

Klonis v. National Bank of Greece, S.A., 492 F.Supp.2d 293
(S.D.N.Y. 2007) . . . . . . . . . . . . . . . . . . . . . 7, 8

Laborers Local 17 Health and Ben. Fund v. Philip Morris, Inc.,
26 F.Supp.2d 593 (S.D.N.Y. 1998) . . . . . . . . . . . . . . 5

Landoil Resources Corporation v. Alexander & Alexander
Services, Inc., 77 N.Y.2d 28, 563 N.Y.S.2d 739 (1990) . . . . 6

LiButti v. U.S., 178 F.3d 114 (2d Cir. 1999) . . . . . . . . 12

Marsden v. Federal Bureau of Prisons, 856 F.Supp. 832 (S.D.N.Y. 1994) . . . . . . . . . . . . . . . . . . . . . . . 5

McGowan v. Smith, 52 N.Y.2d 268, 437 N.Y.S.2d 643 (1981) . . 10

Meteoro Amusement Corp. v. Six Flags, 267 F.Supp.2d 263 (N.D.N.Y. 2003) . . . . . . . . . . . . . . . . . . . . . . . 9

Metropolitan Life Ins. Co. v. Robertson-Ceco Corp., 84 F.3d 560 (2d Cir. 1996) . . . . . . . . . . . . . . . . . . . . . 5

Overseas Media, Inc. v. Skvortsov, 407 F.Supp. 2d 563 (S.D.N.Y. 2006) . . . . . . . . . . . . . . . . . . . . . 6, 7

Quill Corp. v. North Dakota, 504 U.S. 298 (1992) . . . . . 12

Sunward Electronics, Inc. v. McDonald, 362 F.3d 17, 22 (2d Cir. 2004) . . . . . . . . . . . . . . . . . . . . . . . . . 4

Talbot v. Johnson Newspaper Corp., 71 N.Y.2d 827, 527 N.Y.S.2d 729 (1988) . . . . . . . . . . . . . . . . . . . . 10

Volkswagenwerk Aktiengesellschaft v. Beech Aircraft Corp., 751 F.2d 117 (2d Cir. 1984) . . . . . . . . . . . . . . . . 8

Wiwa v. Royal Dutch Petroleum Co., 226 F.3d 88 (2d Cir.2000) . 8

World-Wide Volkswagen Corp. v. Woodson, 444 U.S. 286 (1980) . 12

```
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------X

MEDICI CLASSICS PRODUCTIONS, LLC,   :

                Plaintiff,          :   07 Civ. 9938 (RJH)

        -against-                   :

MEDICI GROUP LLC, MEDICI GROUP      :
EUROARTS, ROBERT T. WALSTON and
JOHN DOES Nos. 1 to 10,             :

                Defendants.         :

------------------------------------X
```

MEMORANDUM OF LAW BY DEFENDANTS MEDICI GROUP
LLC AND ROBERT T. WALSTON IN SUPPORT OF MOTION
<u>TO DISMISS FOR LACK OF PERSONAL JURISDICTION</u>

None of the named defendants belong in this Lanham Act case. One -- Medici Group Euroarts -- does not even exist. The other two -- Medici Group, LLC and Robert T. Walston -- are not subject to personal jurisdiction in New York. Hence defendants Medici Group, LLC and Walston ("the moving defendants") move to dismiss under Fed. R. Civ. P. 12(b)(2).

<u>Why the Complaint Should be Dismissed</u>

The complaint should be dismissed because the Court has no personal jurisdiction over the moving defendants. Medici Group, LLC -- a Delaware LLC with an office in California -- is not doing business in New York -- CPLR 301 -- and has transacted no business in New York from which the claims plaintiff alleges

could have arisen -- CPLR 302. The same statement applies to Walston, the managing member of Medici Group, LLC. He is a Californian who lives and works in California. Neither Medici Group LLC nor Walston have the minimum contacts with New York to satisfy constitutional due process.

The complaint should therefore be dismissed.

### The Complaint

This action arises out of a dispute over the use of the label "Medici" in connection with classical music. The complaint, filed on November 9, 2007, alleges two claims, one for relief under the federal Lanham Act, and one for relief under New York's trademark and unfair competition statutes. The claims stem from plaintiff's allegation that its music compact discs (CDs) and digital video discs (DVDs), distributed under the name "Medici Classics Productions," would be confused with CDs and DVDs of classical music entitled "Medici Masters" allegedly distributed by defendants. Complaint (Ex. A to the Declaration of Robert T. Walston dated May 12, 2008) ¶¶10, 13. By way of relief plaintiff seeks injunctive relief and money damages.

### Facts Requiring Dismissal

The facts relevant to this motion, drawn from the complaint and the Walston Declaration, demonstrate why the complaint should be dismissed on jurisdictional grounds.

Defendant Medici Group, LLC is a Delaware limited liability company with its offices in California. Defendant Robert Walston is its managing member whose place of business is Beverly Hills, California. Walston Decl. ¶3. Neither Walston nor Medici Group, LLC maintains an office in the State of New York, owns property in New York or maintains a phone line or bank account in New York. Id. ¶4.

Medici Group, LLC is a holding company created to make investments in companies in the field of media technologies, television production, and related activities. Id. ¶5. It does not produce, manufacture or distribute anything, let alone CDs or DVDs. Id.

Rather, it has three foreign subsidiaries involved in audiovisual music production and distribution that produce classical music merchandise, some portion of which is marketed under the name "Medici." Id. ¶10. Medici Group LLC is not in any way involved in these operations. Id. ¶11-12.

All three of these entities maintain their own staff and manage their internal operations independent of Medici Group, LLC. Id. ¶11.

The complaint also names an entity called "Medici Group EuroArts" as a defendant, but this describes no known entity, and certainly none affiliated with Medici Group, LLC. Id. ¶6.

### These Proceedings

After the complaint was filed in November 2007, the parties agreed to adjourn defendants' time to respond while they were engaged in settlement negotiations. The parties did not settle. At a conference with the Court on March 14, 2008, the Court set a pretrial schedule, permitted jurisdictional discovery up to May 14, 2008, and allowed defendants to file a motion to dismiss for lack of personal jurisdiction by the same date.

Defendants Medici Group, LLC and Walston now move to dismiss.

### Standards Governing This Motion

The standards for determining a motion to dismiss for lack of personal jurisdiction are familiar. In this kind of a case -- where subject matter jurisdiction is based on a federal question, and the defendants reside outside the forum state -- the forum state's rules on personal jurisdiction control. The federal statute supplying subject matter jurisdiction here -- the Lanham Act -- does not provide for national service of process. Sunward Electronics, Inc. v. McDonald, 362 F.3d 17, 22 (2d Cir. 2004), citing 15 U.S.C. § 1051, et seq.; Fed. R. Civ. P. 4(k)(1)(A).

New York is the forum state, and its rules on personal jurisdiction over non-domiciliaries are set forth in CPLR 301 and 302. CPLR 301 provides for jurisdiction if the defendant is

4

"doing business" in New York. CPLR 302 confers jurisdiction over a defendant who transacts business in New York that gives rise to plaintiff's claim. Even if the state's jurisdictional criteria are met, constitutional due process allows jurisdiction only when a defendant has minimum contacts with the forum.

On a motion to dismiss for lack of personal jurisdiction, a Court may consider materials other than the complaint. <u>Marsden v. Federal Bureau of Prisons</u>, 856 F.Supp. 832, 835 (S.D.N.Y. 1994). Thus, this Court may look to the declaration submitted by Mr. Walston "to determine whether there is any factual support for the plaintiff's prima facie case of jurisdiction," <u>Laborers Local 17 Health and Ben. Fund v. Philip Morris, Inc.</u>, 26 F.Supp.2d 593 (S.D.N.Y. 1998), and can do so "without converting the motion into one for summary judgment under Rule 56." <u>Credit Suisse Securities (USA) LLC v. Hilliard</u>, 469 F.Supp.2d 103 (S.D.N.Y. 2007).

In response, plaintiff may not simply allege that jurisdiction is proper. <u>Metropolitan Life Ins. Co. v. Robertson-Ceco Corp.</u>, 84 F.3d 560, 567 (2d Cir. 1996). Plaintiff "cannot rely merely on conclusory statements or allegations; rather, the prima facie showing must be factually supported." <u>First Capital Asset Management, Inc. v. Brickellbush, Inc.</u>, 218 F.Supp.2d 369, 388 (S.D.N.Y. 2002). Thus, where, as here, the parties were given an opportunity to conduct discovery regarding the defendant's contacts with the forum state, the plaintiff's

prima facie showing, necessary to defeat a jurisdiction-testing motion, must include an averment of facts that, if credited by the ultimate trier of fact, would suffice to establish jurisdiction over the defendant. <u>Id.</u> <u>See</u> <u>also</u> <u>Friars Nat. Ass'n v. 9900 Santa Monica, Inc.</u>, No. 04 Civ. 4520, 2005 WL 1026553, *4 (S.D.N.Y. May 2, 2005) (plaintiff failed to overcome defendants' affidavits demonstrating a lack of New York contacts).

Applying these standards, the Court should grant defendants' motion.

<u>Argument</u>

I

<u>SINCE NEITHER MEDICI GROUP LLC NOR WALSTON
DOES BUSINESS IN NEW YORK, THEY ARE NOT
SUBJECT TO JURISDICTION IN NEW YORK UNDER CPLR 301</u>

Medici Group LLC does not "do business" in New York. Medici Group, LLC is not "present" in this jurisdiction "with a fair measure of permanence and continuity." <u>Landoil Resources Corporation v. Alexander & Alexander Services, Inc.</u>, 77 N.Y.2d 28, 33-34, 563 N.Y.S.2d 739 (1990). In <u>Landoil Resources</u>, the defendant did not have an office in New York, had no real or personal property in New York and did not maintain a bank account in New York. No jurisdiction could be had over that defendant. 77 N.Y.2d at 35-36.

When a defendant "has no permanent locale in the state, and makes no substantial and continuous sales or shipments in the

state, it is highly unlikely that it will be found to be 'doing business.' This is true not only under CPLR 301, but as a matter of due process." <u>Overseas Media, Inc. v. Skvortsov</u>, 407 F.Supp. 2d 563 (S.D.N.Y. 2006). In <u>Overseas Media</u>, the court rejected the evidence plaintiffs offered as to defendants' New York activities -- several calls and emails into New York, licensing agreements with non-New York entities, and the presence of a part-owner of a defendant entity in New York. These, along with plaintiffs' characterizations of defendants' New York presence, were "insufficient for the purposes of a factually-supported <u>prima facie</u> showing." <u>Overseas Media</u>, 407 F.Supp.2d at 570.

<u>No Contacts</u>

Neither Medici Group, LLC nor Walston has any office, phone line, or bank account in New York, nor do either own property here. Walston Decl. ¶4. Jurisdiction over Medici Group, LLC or Walston does not exist under CPLR 301 because they are not present in New York "on a continuous and systematic basis." <u>See Klonis v. National Bank of Greece, S.A.</u>, 492 F.Supp.2d 293, 299-300 (S.D.N.Y. 2007) (no jurisdiction under CPLR 301, an outcome unaffected by presence of one officer of defendant in the jurisdiction, because he worked in jurisdiction in furtherance of business of a subsidiary); <u>see also Big Apple Pyrotechnics and Multimedia Inc. v. Sparktacular Inc.</u>, No. 05 Civ. 9994, 2007 WL 747807, *3 (S.D.N.Y. March 9 2007) ("the allegations about

7

Santore & Sons state no more than that it conducted isolated business with New York buyers and sellers," which does not establish contacts sufficient for CPLR 301).

No Agents

Nor does Medici Group, LLC or Walston have any agents in New York whose acts could create jurisdiction under CPLR 301. The central New York cases which find jurisdiction over a foreign corporation because of an agent's activities in New York feature domestic companies established specifically to market, coordinate, or otherwise facilitate a foreign corporation's business interests in New York. Klonis, 492 F.Supp.2d at 302, citing Frummer v. Hilton Hotels International, Inc., 19 N.Y.2d 533, 537, 227 N.E.2d 851, 854, 281 N.Y.S.2d 41, 44 (1967), Wiwa v. Royal Dutch Petroleum Co., 226 F.3d 88 (2d Cir.2000). Medici Group, LLC has no such agent in New York.

Subsidiaries' Acts Not Chargeable to Parent

Finally, the acts of the wholly independent subsidiaries of Medici Group, LLC are not chargeable to the parent, and thus cannot be used to bootstrap personal jurisdiction. Three entities owned by Medici Group, LLC are involved in the manufacture of classical music CDs and DVDs -- one in Germany, one in France, and one in England. Walston Decl. ¶10. The Second Circuit has acknowledged that parent corporations "necessarily exercise a considerable degree of control over the

8

subsidiary corporation," but has nonetheless held that "the discharge of that supervision alone is not enough to subject the parent to New York jurisdiction." <u>Volkswagenwerk Aktiengesellschaft v. Beech Aircraft Corp.</u>, 751 F.2d 117, 120 (2d Cir. 1984). The simple presence of a local corporation does not automatically "create jurisdiction over a related, but independently managed, foreign corporation." <u>Id.</u>

To impute the acts of these subsidiaries to defendant Medici Group, LLC, "[t]he control over the subsidiary's activities . . . must be so complete that the subsidiary is, in fact, merely a department of the parent." See <u>Delagi v. Volkswagenwerk AG of Wolfsburg, Germany</u>, 29 N.Y.2d 426, 432 328 N.Y.S.2d 653, 657 (1972). The Second Circuit, in <u>Beech Aircraft</u>, <u>supra</u>, reduced New York's mere-department analysis to a four-part test: (1) the existence common ownership, (2) the financial dependency of the subsidiary on the parent corporation, (3) the degree to which the parent corporation interferes in the selection and assignment of the subsidiary's executive personnel and fails to observe corporate formalities, and (4) the degree of control over the marketing and operational policies of the subsidiary exercised by the parent. <u>Beech Aircraft</u>, 751 F.2d at 120-122.

Here, each of the three subsidiaries are financially independent companies with their own executive personnel and internal operations. Walston Decl. ¶11. <u>See</u> <u>also</u> <u>Meteoro Amusement Corp. v. Six Flags</u>, 267 F.Supp.2d 263, 270-271

(N.D.N.Y. 2003) (shareholder's management of its investments does not render subsidiaries "mere departments," even though parent guaranteed two loans for subsidiary and there was some overlap of personnel). Whether or not their activities in any way infringe upon plaintiff -- and they do not -- they are not chargeable to Medici Group, LLC.

## II

### SINCE NEITHER MEDICI GROUP LLC NOR WALSTON "TRANSACTS" BUSINESS IN NEW YORK, THEY ARE NOT SUBJECT TO JURISDICTION IN NEW YORK UNDER CPLR 302

Plaintiff can show no New York transaction in which Medici Group, LLC or Walston was involved that would provide a basis for jurisdiction here. Although CPLR 302(a)(1) allows a court to assert jurisdiction over a defendant who "transacts any business within the state or contracts anywhere to supply goods or services in the state," there must be "some articulable nexus between the business transacted and the cause of action sued upon." McGowan v. Smith, 52 N.Y.2d 268, 272, 437 N.Y.S.2d 643 (1981). The McGowan court affirmed dismissal of the action against a Japanese exporter because its visits to New York for market research purposes did not "bear a substantial relationship to the transaction out of which the instant cause of action arose" -- that is, plaintiff's injury caused by one of the products sold by the exporter. 52 N.Y.2d at 272.

New York courts "define transacting business as purposeful

10

activity -- some act by which the defendant purposefully avails itself of the privilege of conducting activities within the forum State, thus invoking the benefits and protections of its laws." Best Van Lines, Inc. v. Walker, 490 F.3d 239, 246 (2d Cir. 2007) (citations omitted). Here, Medici Group, LLC has not entered any transactions at all in New York, Walston Decl. ¶¶4-5, 12, let alone any from which plaintiff's alleged injury could have arisen. Talbot v. Johnson Newspaper Corp., 71 N.Y.2d 827, 522 N.E.2d 1027, 527 N.Y.S.2d 729 (1988) (no New York transaction out of which cause of action arose), ISI Brands, Inc. v. KCC Intern., Inc. 458 F.Supp.2d 81, 87 (E.D.N.Y. 2006) (no New York transaction out of which cause of action arose). Any transaction by a subsidiary of Medici Group, LLC, is not chargeable to it for purposes of jurisdiction. See supra at 8-10.

III

SINCE NEITHER MEDICI GROUP, LLC NOR WALSTON
HAS EVEN MINIMUM CONTACTS WITH THE FORUM,
JURISDICTION OVER THEM OFFENDS DUE PROCESS

Regardless of New York statutory jurisdiction, "asserting jurisdiction . . . would be [in]compatible with requirements of due process established under the Fourteenth Amendment to the United States Constitution." See Internat'l Shoe Co. v. Washington, 326 U.S. 310, 316 (1945). The three-step due process analysis set forth by the Second Circuit requires this conclusion. See Kernan v. Kurz-Hastings, Inc., 175 F.3d 236 (2d

Cir. 1999).

First, there are not the minimum contacts necessary to justify "specific" jurisdiction, because plaintiff's claim does not arise out of or relate to defendant's contacts with the forum state. Helicopteros Nacionales de Colombia, S.A. v. Hall, 466 U.S. 408, 414 (1984). There are no contacts with New York out of which plaintiff's claim could have arisen, since neither Medici Group, LLC nor Walston is involved with the manufacture or distribution of the merchandise of which the plaintiff complains. Walston Decl. ¶5.

Second, plaintiff cannot show that the defendants "purposefully availed" themselves of the privilege of doing business in the forum state, or that defendants could foresee being "haled into court" here. World-Wide Volkswagen Corp. v. Woodson, 444 U.S. 286, 297 (1980); Burger King Corp. v. Rudzewicz, 471 U.S. 462, 475 (1985).

Neither Medici Group, LLC nor Walston have purposefully availed themselves to the privilege of doing business here. They themselves have not carried out any New York transactions. Neither delivers products into the stream of commerce with the expectation that they will be purchased by consumers in the forum State, Burger King, 471 U.S. at 472-73, 476, nor engages in continuous and widespread solicitation of business within the forum State, Quill Corp. v. North Dakota, 504 U.S. 298, 308 (1992); see also LiButti v. U.S., 178 F.3d 114, 121-122 (2d Cir.

1999).

Last, the assertion of jurisdiction does not "comport[] with 'traditional notions of fair play and substantial justice'" because it is not "reasonable under the circumstances of [this case]." Kernan, supra, 175 F.3d at 243, citing Internat'l Shoe, 326 U.S. at 316. Fairness dictates that the Court decline to exercise jurisdiction. With no transaction with the plaintiff, and no involvement in the products -- or with the website -- that plaintiff alleges to be infringing, it is unreasonable for Medici Group, LLC and Walston to be forced to appear to defend this suit.\*

---

\* The lack of personal jurisdiction is aggravated in Walston's case because he was improperly served with the summons and complaint by substituted service at an office -- 650 Madison Avenue in Manhattan -- that is not his place of business.

13

CONCLUSION

For the reasons given, the motion to dismiss for lack of personal jurisdiction should be granted.

Dated:   New York, N.Y.
         May 14, 2008

>                    Respectfully submitted,
>
>                    KORNSTEIN VEISZ WEXLER
>                        & POLLARD, LLP
>
>                    By: _____
>                         Daniel J. Kornstein (DK-3264)
>                    757 Third Avenue
>                    New York, New York 10017
>                    (212) 418-8600
>                    Attorneys for Defendants Medici
>                       Group, LLC and Robert T. Walston

Of Counsel:

    Daniel J. Sparaco