UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

MEDICI CLASSICS PRODUCTIONS LLC,

Plaintiff

-against-

MEDICI GROUP LLC, MEDICI ARTS LLC, EUROARTS MEDIEN GmbH, EUROARTS MUSIC INTERNATIONAL GmbH, MEDICI ARTS LIMITED U.K., IDEALE AUDIENCE GROUP, S.A., ROBERT T. WALSTON, THOMAS BAER and JOHN DOES Nos. 1 to 10,

Defendants.

1:07-cv-09938 (RJH)

AMENDED COMPLAINT

RECEIVED
MAY 14 2008
U.S.D.C. S.D.N.Y.
CASHIERS

Plaintiff Medici Classics Productions LLC, by its attorneys, Bainton McCarthy LLC, for its amended complaint against Defendants respectfully avers:

**Nature of This Action**

1. This is an action for unfair competition, false designation of origin and trademark infringement and federal unfair competition arising under Section 43(a) of the Lanham Act, 15 U.S.C. § 1125(a)(1), and the common law of the State of New York.

**The Parties**

2. Plaintiff Medici Classics Productions LLC ("Medici Classics Productions") is a limited liability company organized under the laws of the State of New York that maintains its principal place of business in New York.

3. Defendant Medici Group LLC is a limited liability company organized under the laws of the State of Delaware that engages in business at 650 Madison Avenue, New York, New York, and derives substantial revenue from interstate and international commerce.

4. Defendant Medici Arts LLC is, upon information and belief, a limited liability company organized under the laws of one the states of the United States, is wholly-owned by Defendant Medici Group LLC, and in turns owns a variety of companies that do business as "Medici Arts Companies" throughout the world as well as the State of New York. Upon information and belief, Defendant Medici Arts LLC does business in the State of New York and derives substantial income from interstate and international commerce.

5. Defendant EuroArts Medien GmbH is, upon information and belief, a juridical entity organized under the laws of Germany that is wholly-owned and controlled by Defendant Medici Group LLC that does business in the State of New York and derives substantial revenue from interstate and international commerce.

6. Defendant EuroArts International (formerly known as EuroArts Music International GmbH) is a corporation organized under the laws of Germany that is wholly-owned and controlled by Defendant Medici Group LLC that does business in the State of New York and derives substantial revenue from interstate and international commerce.

7. Defendant Medici Arts Limited U.K. is, upon information and belief, a juridical entity organized under the laws of the United Kingdom that is wholly-owned and controlled by Defendant Medici Group LLC that does business in the State of New York and derives substantial revenue from interstate and international commerce.

8. Defendant Ideale Audience Group S.A. is, upon information and belief, a juridical entity organized under the laws of France that is wholly-owned and controlled by

Defendant Medici Group LLC that does business in the State of New York and derives substantial revenue from interstate and international commerce.

9. Defendant Robert T. Walston is, upon information and belief, the managing member of Defendant Medici Group LLC and its affiliates and is a controlling person of all such entities. Defendant Walston engages in business in the State of New York and, upon information and belief, derives substantial revenue from interstate and international commerce.

10. Defendant Thomas Baer is, upon information and belief, a member of Defendant Medici Group LLC and its affiliates and is a controlling person of all such entities. Defendant Baer engages in business in the State of New York and, upon information and belief, derives substantial revenue from interstate and international commerce.

11. Defendants John Doe Nos. 1 through 10 are natural persons whose identities are presently unknown; do business in New York; derive substantial revenue from interstate and international commerce; are controlled by and act in concert and participation with the foregoing defendants and actually engaged in the tortious conduct described below.

12. Upon information and belief, all Defendants have acted in concert and participation with one another and acted under the direction of Defendants Medici Group LLC, Thomas Baer and Robert T. Walston.

**Background of This Action**

13. Medici Classics Productions has used the trademark "Medici Classics Productions" since September 30, 2003, in connection with the creation, production, advertisement and sale of CDs, videotapes, laser disks and DVDs featuring performances of classical music.

14. Applications for registration of the trademark of Medici Classics Productions have been pending for some time in both the United States and European Union.

15. Medici Classics Productions' catalogue of classical music performances has been internationally available since 2003 via an interactive website located at www.mediciclassics.com.

16. Defendants maintain an interactive website at www.mediciarts.co.uk.

17. Defendants also maintain an interactive website at www.euroarts.com

18. Defendants also maintain an interactive website at www.medici.tv.com

19. Defendants also maintain an interactive website at www.medicimedia.com.

20. On each of these interactive websites, Defendants offer for sale recordings of performances of classical music in packaging bearing either a "Medici Masters" or a "Medici Arts" trademark. Defendants also offer the opportunity to "stream" or download performances of classical music via www.medici.tv.com.

21. Via these interactive websites, residents of the City and State of New York have purchased in the past and are encouraged to purchase in the future recordings of performances of classical music bearing a "Medici Masters" or "Medici Arts" trademark or to "stream" or download such performances via www.medici.tv.com.

22. On their websites, in press releases and in other ways, Defendants describe themselves as members of "the Medici Group family of companies dedicated to the production and distribution of audiovisual programming in the classical music and arts arena."

23. In furtherance of their common scheme to exploit the "Medici" trademark in violation of Plaintiff's rights, Defendants recently purchased a full page advertisement in

"Gramophone" Magazine announcing that "The newly formed label Medici Arts is proud to present a selection of its first class new DVD releases, produced by Euro Arts and Ideale Audience, now promoted through Medici Arts: a rich catalogue with both concerts and documentaries, classical music …."

24. In the recording industry generally a "label" is a term that defines the trademark of the manufacturer of the recording as distinguished from the artist whose performance is recorded, e.g. Artist X's recordings are sold on the Y Label.

25. The same full page Gramophone advertisement promotes www.medici.tv as "The worldwide audio-visual platform dedicated to classical music …."

26. This District is a part of the "worldwide audio-visual platform" toward which exploitation using the "Medici" trademark is directed.

27. A copy of that advertisement is annexed hereto as Exhibit A.

28. When viewed as a whole this advertisement muddies the concept of juridical separateness of the various entities ultimately wholly owned by Medici Group LLC and creates in the minds of the consuming public an image of a single "Medici" brand/label relating to classical music.

29. "Medici Masters, " "Medici Arts," "Medici.tv" and "Medici Group," when used in connection with any of the creation, production, advertisement or sale of recordings of performances of classical music infringe the trademark "Medici Classics Productions."

30. There have been instances of actual confusion by consumers of recordings of performances of classical music offered for sale by Medici Classics Productions and consumers of recordings of performances of classical music offered for sale by Defendants under the "Medici Masters," "Medici Arts," "Medici.tv" and "Medici Group" trademarks. For

example, one need only visit the popular classical music website www.mdt.co.uk, which advertises itself as "The Specialists for Classical Music," and search "Medici." The search will yield recordings on the Medici Classics Productions "label" and recordings on the Medici Arts "label."

31. The continued use by Defendants of the "Medici Masters," "Medici Arts," "Medici.tv" and "Medici Group" trademarks in connection with any of the creation, production, advertisement or sale of recordings of performances of classical music is likely to cause confusion among consumers.

32. On or about October 1, 2007, Medici Classic Productions placed Defendants on actual notice of their infringing conduct; Defendants engaged counsel; and then continued to infringe the rights of Medici Classics Productions and otherwise act in violation of applicable law.

33. Defendants' infringement of the trademark of Medici Classics Productions was and continues to be willful.

34. Defendants in concert and participation with one another as Medici Group members and/or their authorized agents have caused and are causing recordings of performances of classical music bearing a Medici trademark that infringes Plaintiff's rights to be sold not only via the internet to New York residents, but, in addition, have caused, contributed to, aided and abetted the sale of such infringing goods in "brick and mortar" stores located within this district, including the store located in Avery Fisher Hall at Lincoln Center that has sold the recording of a performance of the New York Philharmonic Orchestra in packaging bearing a "Medici Arts" trademark entitled "Live From Pyongyang."

35. The copyright notice of the Medici Arts trademarked "Live From Pyongyang" is in the names of "EuroArts Music and Educational Broadcasting Corporation."

36. Defendant Baer is credited as being an "Executive Producer."

37. The public press attributed the following remarks to Mr. Baer approximately three weeks prior to the New York Philharmonic's historic performance in North Korea: "The broadcast will also be of some financial interest to the orchestra. Once the cost of production is recouped, it can share in the profits from DVDs and television distribution, said Thomas Baer, an executive producer of EuroArts."

38. Those "Medici Arts" trademarked DVD's sold in this district and elsewhere are described as: "A production of Euroarts Music International in coproduction with Munhwa Broadcasting Corporation, Arte France, and Thirteen/WNET New York, in association with New York Philharmonic, and ABC News, in cooperation with European Broadcasting Union."

39. Medici Classic Productions has no adequate remedy at law.

**AS AND FOR A FIRST CLAIM**
**(For Relief Under the Lanham Act)**

40. The averments of paragraphs 1 through 38 are respectfully repeated and reaverred.

41. By reason of the foregoing, Defendants have willfully engaged in conduct that has caused and, if not enjoined, will or is likely to cause confusion or mistake and to deceive consumers as to origin and sponsorship as between Medici Classics Productions' creation, production, advertisement or sale of recordings of performances of classical music and the creation, production, advertisement or sale of recordings of performances of classical music by Defendants.

42. To the extent any Defendant has not itself actually applied an infringing trademark to the packaging of a recording of a performance of classical music or sold directly or indirectly such an infringing article, it has unlawfully contributed to such actual infringing sales to New York City residents by reason of its membership in the so-called "Medici Group family of companies" and its support of a central and common purpose of that family of companies, namely knowingly infringing the trademark rights in the United States of Medici Classics Productions.

43. Under the Lanham Act Medici Classics Productions is therefore entitled to (a) an injunction preliminarily and then permanently enjoining Defendants from infringing its Medici Classics Productions trademark in respect of any of the creation, production, advertisement or sale of recordings of performances of classical music; (b) an award of three times Defendants' actual profits; and (c) an award of its attorneys' fees.

**AS AND FOR A SECOND CLAIM**
**(For Relief Under New York Law for Trademark Infringement And Unfair Competition)**

44. The averments of paragraphs 1 through 42 are respectfully repeated and reaverred.

45. By reason of the foregoing, Defendants have infringed the trademark of Medici Classics Productions; contributed to the infringements by others of the trademark of Medici Classics Productions and competed unfairly under the law of the State of New York.

46. Medici Classics is therefore entitled to (a) an injunction preliminarily and then permanently enjoining Defendants from infringing its Medici Classics Productions trademark in respect of any of the creation, production, advertisement or sale of recordings of performances of classical music, by, among other ways, using any of the "Medici trademarks" to

which specific reference is made above; (b) an award of Defendants' actual profits; and (c) an award of its attorneys' fees.

WHEREFORE Medici Classics Productions demands judgment against Defendants as follows:

(a) On its first claim awarding it (a) an injunction preliminarily and then permanently enjoining Defendants from infringing its Medici Classics Productions trademark in respect of any of the creation, production, advertisement or sale of recordings of performances of classical music; (b) an award of three times Defendants' actual profits; and (c) an award of its attorneys' fees;

(b) On its second claim awarding it (a) an injunction preliminarily and then permanently enjoining Defendants from infringing its Medici Classics Productions trademark in respect of any of the creation, production, advertisement or sale of recordings of performances of classical music; (b) an award of Defendants' actual profits; and (c) an award of its attorneys' fees; and

(c) Awarding it such other, further or different relief as to the Court may seem just and proper.

Dated: New York, New York
May 13, 2008

BAINTON McCARTHY LLC

By: ______________________
J. Joseph Bainton (JB-5934)
*Attorneys for Plaintiff*
26 Broadway
New York, NY 10004-1840
Telephone: (212) 480-3500

**Certificate of Service**

I, Michael T. Roussel, hereby certify that on May 14, 2008, a true and correct copy of the foregoing *Amended Complaint* was served on opposing counsel via first-class mail addressed as follows:

Daniel J. Sporaco, Esq.
Kornstein Veisz Wexler & Pollard, LLP
757 Third Avenue
New York, New York 10017

Michael T. Roussel

# **EXHIBIT A**

medici arts

# The Art of Musical Excellence

The newly founded label Medici Arts is proud to present a selection of its first class new DVD releases, produced by Euro Arts and Idéale Audience, now promoted through Medici Arts: a rich catalogue with both concerts and documentaries, classical music and jazz, celebrating artists such as **Claudio Abbado, Daniel Barenboim, Leonard Bernstein, Vladimir Jurowski, Herbert von Karajan, Yehudi Menuhin...**

Available in the UK from 1st April 2008

**Blue Note**
A STORY OF MODERN JAZZ
featuring Max Roach, Ron Carter, André Prévin, Herbie Hancock...

**Vladimir Jurowski**
LONDON PHILHARMONIC
Wagner, Berg, Mahler

*"I have never heard a more thrilling performance"*
The Independent

**Leonard Bernstein**
IN REHEARSAL AND PERFORMANCE
Shostakovich : Symphony N°1

**Herbert von Karajan**
BERLIN PHILHARMONIC
Beethoven - Symphony N°9







May new release




Coming soon




**www.medici.tv**

The worldwide audio-visual platform dedicated to classical music: live concerts and festivals, more than 200 programmes available as video on demand !
**From 30th April 2008**

Tel: 020 8709 9500
sales.uk@harmoniamundi.com

harmonia mundi
distribution