


UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---

MEDICI CLASSICS PRODUCTIONS, LLC,

    Plaintiff,

v.

MEDICI GROUP LLC, MEDICI GROUP EUROARTS, ROBERT T. WATSON and JOHN DOES NOS. 1 to 10,

    Defendants.

: CIV. ACT. NO.: 07 Civ 9938 (RJH)
:
:
:
: STIPULATION AND [PROPOSED]
: ORDER GOVERNING THE
: PRODUCTION OF CONFIDENTIAL
: MATERIAL
:
: ECF Case

---

### AGREED PROTECTIVE ORDER GOVERNING
### CONFIDENTIAL INFORMATION PRODUCED BY NON-PARTY

WHEREAS, Plaintiff Medici Classics Productions LLC filed this action against Defendants Medici Group LLC, Medici Group Euroarts, Robert T. Watson and John Does 1-10 and

WHEREAS, Plaintiff has served a Subpoena Duces Tecum on non-party The Philharmonic-Symphony Society of New York, Inc. ("NY Philharmonic" or the "Non-Party") in this case; and

WHEREAS, the Non-Party claims that some of the requested information constitutes proprietary information or trade secrets and/or internal strategy, marketing or proprietary planning processes, and/or confidential commercial information and/or materials or information as to which the producing party has an independent obligation of confidentiality to any entity other than the parties to this action; and

WHEREAS, the Non-Party desires to preserve the confidentiality of such information and materials; and

WHEREAS, the Court finds that a Protective Order is appropriate in this case to protect the Non-Party's confidential materials listed above by limiting the dissemination of same;

**IT IS HEREBY ORDERED THAT:**

1. Documents provided in this case by the Non-Party may be designated confidential by the producing Non-Party if the Non-Party reasonably believes that such information constitutes or discloses a trade secret or other confidential or proprietary information.

2. Material designated as confidential under this Agreed Protective Order ("Protected Material") shall be categorized by the Non-Party producing it into one of the following classifications:

    a. "CONFIDENTIAL" or

    b. "CONFIDENTIAL – ATTORNEY EYES ONLY"

With respect to documents, the designating Non-Party shall place the words above, or similar language, clearly on each such page or portion of the Protected Material designated for protection. In lieu of marking the original document, if the original is not produced, the designating Non-Party may mark the copies that are produced.

3. The Non-Party classifying materials as protected under paragraph 2(b) ("CONFIDENTIAL – ATTORNEY EYES ONLY") shall do so only upon a good faith belief that the content of the protected material constitutes a trade secret or other confidential research, development or commercial information, and disclosure, or further disclosure, of which would reasonably result in a clearly defined and serious injury.

4. The specific materials which the Non-Party has designated as Protected Material under paragraph 2 shall be accorded such designated status until such time as the Court directs or the producing Non-Party indicates otherwise in writing.

5. Any summaries of information designated as Protected Material which summaries quote from, identify or refer to the Protected Material with such specificity that the Protected Material can be identified, or by reasonably logical extension can be identified, shall be accorded the same status of confidentiality as the underlying Protected Material from which the summaries are made and shall be subject to all of the terms of the Agreed Protective Order.

6. The original transcript of any deposition containing (1) information from Protected Material and Protected Material marked as exhibits or (2) testimony relating to Protected Material shall be placed in sealed envelopes or other appropriate containers endorsed to the effect that they are sealed pursuant to this Agreed Protective Order by reason of containing Protected Material and shall be maintained under seal and not disclosed, except to the Court except upon further order of this Court.

7. Protected Material classified under paragraph 2(a) above ("CONFIDENTIAL") shall be used for this litigation, shall not be used for any business, commercial or competitive purposes, and may be disclosed only to the following persons ("Qualified Persons"), and only under the conditions set forth below in Paragraph 8), except upon prior written consent of the designating Non-Party:

  (a) The Court and its staff, including Court reporters retained by the parties;

  (b) Counsel (NOT including in-house counsel) representing the parties and regular employees of such attorneys assigned to and necessary to assist in the conduct of this litigation;

 (c) The parties, their officers, directors or employees of a party who have the need to know such information for purposes of this litigation;

 (d) Bona fide consultants and experts retained by the attorneys for the parties, to the extent necessary for the conduct of this litigation; and

 (e) Deponents noticed by the parties, to the extent necessary for the conduct of this litigation, and the court reporters and their staff.

8. Before counsel allows any Qualified Person to be in possession of Protected Material and/or shows or discloses such Protected Material to a person described in paragraphs 7(c), 7(d) and 7(e) (a "receiving person" for purposes of this paragraph), counsel shall provide receiving person a copy of this Agreed Protective Order and shall require the receiving person to read the Agreed Protective Order and sign the Acknowledgment of Protective Order verifying same, attached as **Exhibit A**.

9. Protected Material classified under paragraph 2(b) "CONFIDENTIAL – ATTORNEY EYES ONLY" may be disclosed only to those persons enumerated in paragraphs 7(a) and 7(b) and to employees, agents or representatives of the designating Non-Party for the purposes of direct or cross-examination, unless the prior written consent of the designating Non-Party, or an order of the Court, is first obtained.

10. Protected Material produced by the Non-Party in the course of this litigation shall not be used for any purpose other than preparation for trial of this litigation, use at trial, and any subsequent related appeals.

11. All persons who receive Protected Material in this action shall:

 (a) Maintain the confidentiality or such material and information consistent with this Order;

 (b) Not release or disclose the Protected Material or the nature, substance or contents thereof to any third parties; and

  (c) Shall promptly return to counsel any copy of such document entrusted to him or her at the conclusion of this litigation; and,

  (d) Keep a detailed log of the Protected Materials reviewed, including the specific document(s) reviewed and the time and date reviewed.

12. Counsel and all other Qualified Persons receiving or reviewing Protected Material shall treat any document they create that incorporates Protected Material – including handwritten notes or correspondence – as a derivative copy of that Protected Material. All such derivative copies shall be treated just as the Protected Material.

13. The execution of this Agreed Protective Order shall not in any way detract from the right of the Non-Party to object to the production of discovery materials on grounds other than confidentiality.

14. In the event that any deposition testimony deposition exhibit, interrogatory, answer thereto, exhibit or attachment to an interrogatory or answer, request for production, answer to request for production, documents and/or exhibits accompanying a document request or answer, request for admission or response thereto, motion, memorandum, affidavit, brief or any other submission by any party is filed with the Court which includes, incorporates or quotes Protected Material, such filings shall be submitted in sealed envelopes and other appropriate containers endorsed to the effect that they are sealed pursuant to this Agreed Protective Order by reason of containing Protected Material and shall be maintained under seal and not disclosed, except to the Court, except upon further Order of this Court.

15. Nothing contained in this Agreed Protective Order shall prevent a party to this action and the producing Non-Party from using its own confidential information and material in

any way that it sees fit, or from revealing its own confidential information and material to whomever it chooses, without prior consent of any person or of the Court.

16. The Non-Party, if it has designated a document Protected Material under paragraph 2 above, may consent that such document be removed from the scope of this Agreed Protective Order by so notifying counsel for the parties in writing.

17. Upon termination of this litigation – including but not limited to by settlement, jury verdict, or any dismissal by the Court, - counsel shall return all Protected Material and copies thereof to counsel for the producing Non-Party, or may provide written assurance that the documents have been destroyed.

18. Nothing contained in this Agreed Protective Order shall preclude any party or non-party NY Philharmonic from moving at any subsequent time for modification of any provision of this Agreed Protective Order.

19. This Agreed Protective Order shall not be abrogated, modified, amended or enlarged except by agreement of the parties and the affected Non-Party in writing or by Motion, with notice given to each of the parties and to the affected Non-Party.

20. Nothing contained herein shall restrict the presentation of any evidence, including Protected Material marked "CONFIDENTIAL" to a jury or the Court during a trial or other hearing of this action. In addition, nothing contained herein shall restrict the presentation of any evidence, including Protected Material marked "CONFIDENTIAL –ATTORNEY'S EYES ONLY" once the presenting party has received written permission from the affected Non-Party or the Court has so ordered. However, such presentation shall not constitute a waiver of any restrictions provided for in this Agreed Protective Order, and the parties shall take reasonable

steps to maintain the confidentiality of any Protected Material at hearing or upon trial in such manner as the Court may direct.

21. This Agreed Protective Order shall in no way affect or impair the right of any party or person to raise or assert any defense or objection, including, but not limited to, defenses or objections to the discovery or production of documents or information and to the use, relevance or admissibility at trial of any evidence whether or not comprised of documents or information governed by this Agreed Protective Order.

22. Notwithstanding anything to the contrary contained in this Agreed Protective Order, no party shall be deemed to have waived its right to withhold any Protected Material or other document from production in any other case based on the attorney-client privilege, work product doctrine or any other statute, regulation, rule or privilege, by virtue of the production of such document in this case pursuant to this Agreed Protective Order or otherwise. Nothing herein shall preclude any party from asserting that any such document is not subject to any privilege, based on any reason other than its production in this case.

23. The Court retains jurisdiction to make such amendments, modifications and additions to this Agreed Protective Order as the Court may from time to time deem appropriate.

**IT IS SO ORDERED.**

Dated: 5/28/08

APPROVED AS TO FORM:

By: [signature]
Bainton McCarthy LLC
J. Joseph Bainton (JB-5934)
26 Broadway, Suite 2400

By: [signature]
U.S. DISTRICT COURT JUDGE

By: [signature]
Greenberg Traurig LLP
G. Roxanne Elings (GE 8321)
Deidre D. Blocker (DB 0762)

1002292

7

| | |
|---|---|
| New York, New York 10004-1840<br>Attorneys for Plaintiff<br><br>By: _____<br>Kornstein, Veisz, Wexler & Pollard, LLP<br>757 Third Avenue<br>New York, New York 10017<br>(212) 418-8600<br>Attorneys for Defendants Medici Group LLC and Robert T. Walston | 200 Park Avenue, MetLife Building<br>New York, NY 10166<br>(212) 801-9200<br>elingsr@gtlaw.com<br>blockerd@gtlaw.com<br><br>Attorneys for Non-Party The Philharmonic-Symphony Society of New York, Inc. |

1002292

8

## EXHIBIT A

## WRITTEN ACKNOWLEDGMENT OF PROTECTIVE ORDER

STATE OF _____ )
                           )SS
COUNTY OF _____ )

    I, _____, have been provided with a copy of the Agreed Protective Order in the matter of Medici Classics Productions LLC v Medici Group LLC, Medici Group Euroarts, Robert T. Watson and John Does 1-10, United States District Court for the Southern District of New York, Case No. 07-cv-9938. I have reviewed the Agreed Protective Order Governing Confidential Information Produced by the Non-Party to the Litigation, understand its content, and agree to be bound by same.

Dated: _____

                                                 _____
                                                 [sign name]

                                                 _____
                                                 [print name]

                                                 _____
                                                 [business address]

                                                 _____
                                                 [city, state, zip code]

                                                 _____
                                                 [business phone]