Daniel J. Kornstein (DK-3264)
KORNSTEIN VEISZ WEXLER & POLLARD, LLP
757 Third Avenue
New York, New York 10017
(212) 418-8600
Attorneys for Defendants Medici Group LLC
and Robert T. Walston

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------X

MEDICI CLASSICS PRODUCTIONS, LLC,    :

               Plaintiff,    :    07 Civ. 9938 (RJH)

    -against-                         :
                                       STIPULATION AND ORDER
MEDICI GROUP LLC, MEDICI GROUP      :    GOVERNING THE PRODUCTION
EUROARTS, ROBERT T. WALSTON and          OF CONFIDENTIAL MATERIAL
JOHN DOES Nos. 1 to 10,             :
                                       ECF Case
               Defendants.    :

------------------------------------X

    This matter having come before the Court by stipulation between the parties hereto for the entry of a protective order pursuant to Fed. R. Civ. P. 26(c), limiting the review, copying, dissemination and filing of confidential and/or proprietary documents and information to be produced by either party and their respective counsel or by any non-party in the course of discovery in this matter to the extent set forth below; and the parties, by their respective counsel, having stipulated and agreed to the terms set forth herein, and good cause having been shown;

    IT IS hereby ORDERED that:

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED 6/11/08

1. This Stipulation and Order (the "Stipulation and Order") shall govern the use and handling of documents, materials in electronic or digital format, interrogatory responses, deposition testimony, information in visual format, and other information, including all copies, excerpts and summaries thereof (collectively, the "Produced Material") produced in connection with this litigation.

2. Any Producing Party (as defined below) may designate as "Confidential" or "Attorneys' Eyes Only" any portion of any Produced Material either by notation on the document, statement on the record of the deposition, written advice to the respective undersigned counsel for the parties hereto, or by other appropriate means. Where designating deposition testimony as Confidential or Attorneys' Eyes Only, counsel shall instruct the court reporter to mark each designated page as "Confidential" or "Attorneys' Eyes Only" and to indicate on the cover page of any transcript containing Confidential or Attorneys' Eyes Only Material that the transcript contains such material.

3. As used herein:

    (a) "Confidential Material" shall mean any Produced Material that contains, describes, evidences, identifies, or refers to information of a confidential or proprietary nature.

    (b) "Attorneys' Eyes Only Material" shall mean any

Confidential Material that the Producing Party reasonably believes relates to:

(i) Individuals' family, financial, medical or personnel records;

(ii) Current or prospective business plans or market analyses;

(iii) Confidential proprietary or trade secret information in the possession of the Producing Party;

(iv) Internal strategy, marketing, or proprietary planning processes;

(v) Non-public information relating to clients of the Producing Party; or

(vi) Materials or information as to which the Producing Party has an independent obligation of confidentiality to any entity other than the parties to this action.

(c) "Receiving Party" shall mean the party to this action and/or any non-party receiving "Confidential" or "Attorneys' Eyes Only" material in connection with depositions, document production, or otherwise.

(d) "Producing Party" shall mean the parties to this action and any third-parties producing

3

> "Confidential" or "Attorneys' Eyes Only" material in connection with depositions, document production, or otherwise, or the person asserting the confidentiality privilege.

4. Except with the prior written consent of the Producing Party or by order of the Court, Confidential Material shall not be furnished, shown, or disclosed to any person or entity except to:

> (a) personnel of plaintiff or defendant actually engaged in assisting in the preparation of this action for trial or other proceeding herein and who have been advised of their obligations hereunder;
>
> (b) counsel for the parties to this action (but not including in-house counsel for any party) and their associated attorneys, paralegals, or other professional personnel (including support staff) who are directly assisting such counsel in the preparation of this action for trial or other proceeding herein, are under the supervision or control of such counsel, and who have been advised of their obligations hereunder;
>
> (c) expert witnesses or consultants retained by the parties or their counsel to furnish technical or

4

      expert services in connection with this action or to give testimony with respect to the subject matter of this action at the trial of this action or other proceeding herein, and who have been advised by such counsel of their obligations hereunder, provided, however, that such Confidential Material is furnished, shown, or disclosed in accordance with paragraph 6 below;

(d) the Court, Court personnel, jurors and alternate jurors;

(e) litigation support services, including outside copying services, court reporters, stenographers or companies engaged in the business of supporting computerized or electronic litigation, discovery, or trial preparation, retained by a party or its counsel for the purpose of assisting that party in this action;

(f) trial and deposition witnesses who have been advised of their obligations hereunder; provided, however, that such Confidential Material is furnished, shown or disclosed in accordance with paragraph 6 below; and

(g) any other person agreed to by the parties to this action.

5

5. Attorneys' Eyes Only Material may be disclosed only to persons falling within categories (b) through (e) in Paragraph 4 above. Except as provided in Paragraph 6 below, at least seven days before Attorneys' Eyes Only Material is disclosed to any other person, including persons in categories (a) and (g) of Paragraph 4 above, counsel must provide the Producing Party with written notice of such intention, including the name, place of employment, and the title of the person to whom the disclosure will be made, and the proposed date and location of the disclosure. If the Producing Party objects to the disclosure prior to the proposed disclosure date, the Attorneys' Eyes Only Material shall not be disclosed without an order from the Court.

6. Counsel for a party may disclose Confidential or Attorneys' Eyes Only Material to any actual or potential witness for the purposes of deposition preparation, trial preparation, and/or trial, provided that counsel believes, in good faith, that such disclosure is reasonably necessary for the prosecution or defense of the action. Persons to whom such Confidential or Attorneys' Eyes Only Material is disclosed pursuant to this paragraph must be provided with a copy of this Stipulation and Order and must execute the Declaration in the form attached hereto as Exhibit A. Counsel for the party obtaining the certificate shall supply a copy to counsel for the Producing Party and any other party.

7. Each person given access to Confidential or Attorneys' Eyes Only Material, pursuant to the terms hereof, shall be advised that the Confidential or Attorneys' Eyes Only Material is being disclosed pursuant to and subject to the terms of this Stipulation and Order and may not be disclosed or used other than pursuant to the terms hereof. All Confidential or Attorneys' Eyes Only Material obtained by Receiving Parties in discovery in this litigation shall be used by the Receiving Parties solely for the prosecution or defense of the claims in this litigation in accordance with the terms hereof, and shall not be used by the Receiving Parties in any other legal action, or for any business, commercial, competitive, personal, publicity, media or other purpose, except that nothing herein shall preclude the Producing Party's use of its own Confidential or Attorneys' Eyes Only Material for any purpose. No Receiving Party or other person to whom Confidential or Attorneys' Eyes Only Material is disclosed shall copy, transcribe, or otherwise reproduce in written or any other form any part or portion of any Confidential or Attorneys' Eyes Only Material except as necessary for purposes of this litigation.

8. Nothing in this stipulation and order shall prevent an employee of a party, employee of a non-party, or inside counsel from attending any deposition, except that only persons entitled to receive Confidential or Attorneys' Eyes Only Material shall be

present when such material is disclosed at a deposition. Counsel for a party or non-party disclosing such Confidential or Attorneys' Eyes Only Material, prior to its disclosure, shall advise counsel for all other parties so that appropriate safeguards can be taken to ensure that only persons entitled to receive such information pursuant to the terms of this stipulation and order are present when such information is disclosed.

    9. Confidential or Attorneys' Eyes Only Material shall not be filed in the public record of this litigation, except as follows. Any Confidential or Attorneys' Eyes Only Material that is filed with the Court, and any pleadings, motions, or other papers filed with the Court containing such information, shall be filed under seal.

    10. In the event Confidential or Attorneys' Eyes Only Material is used in any court proceeding in this litigation, it shall not lose its Confidential or Attorneys' Eyes Only status through such use. Counsel shall confer on such procedures as are necessary to protect the confidentiality of any documents, information, and transcripts used in the course of any court proceedings. If one or both parties reasonably believe that Confidential or Attorneys' Eyes Only Material will be used during a court proceeding, one or both parties may request that the Court close the courtroom to parties not permitted access to

8

Confidential or Attorneys' Eyes Only Material pursuant to the terms of this Stipulation and Order.

11.  Any person receiving Confidential or Attorneys' Eyes Only Material shall not reveal or discuss such information to or with any person not entitled to receive such information under the terms hereof.

12.  Extracts and summaries of Confidential or Attorneys' Eyes Only Material shall also be treated as confidential in accordance with the provisions of this Stipulation.

13.  In the event that Confidential or Attorneys' Eyes Only Material is, either purposely or inadvertently, disclosed to someone not authorized to receive such information under this Stipulation and Order, or if any person so authorized breaches any of his or her obligations under this Stipulation and Order, counsel of record for the party which was the source of the unauthorized disclosure or breach shall immediately upon discovery of such unauthorized disclosure or breach, give notice, including a full description of all pertinent facts, to counsel for the Producing Party.  Counsel for the party providing such notice shall further make all commercially reasonable efforts to prevent further disclosure by it or by the person who was the recipient of such information.  Nothing in this paragraph shall preclude the Producing Party from seeking relief from the Court to prevent further disclosure of such information.

14. The production or disclosure of Confidential or Attorneys' Eyes Only Material shall in no way constitute a waiver of each party's right to object to the production or disclosure of other information in this action or in any other action.

15. Nothing herein shall be deemed to waive any privilege recognized by law, or shall be deemed an admission as to the admissibility in evidence of any facts or documents revealed in the course of disclosure. Further, inadvertent production of privileged information shall not waive the privilege. If privileged information is inadvertently produced, the Receiving Party agrees that, upon request from the Producing Party, it shall promptly return all copies of documents containing privileged information, delete any versions of the documents containing the privileged information on any database or computer filing system it maintains, and make no use of the privileged information.

16. Within sixty (60) days after the final termination of this litigation, by settlement or final judgment, including exhaustion of all appeals, all Confidential and Attorneys' Eyes Only Material, including materials in electronic or digital format, and all reproductions thereof, shall be returned to the Producing Party or shall be destroyed, at the option of the Producing Party. In the event that any party chooses to destroy physical documents and objects, such party shall certify in

writing within sixty (60) days of the final termination of this litigation that it has undertaken its best efforts to destroy such physical documents and objects, and that such physical documents and objects have been destroyed to the best of its knowledge. Notwithstanding anything to the contrary, counsel may retain one copy of documents constituting work product, a copy of the pleadings, motion papers, discovery responses, deposition transcripts and deposition and trial exhibits.

17. This Stipulation and Order shall not be interpreted in a manner that would violate any canons of ethics or codes of professional responsibility. Nothing in this Stipulation and Order shall prevent or interfere with the ability of counsel for any party, or of experts specially retained for this case, to represent any individual, corporation, or other entity adverse to any party or its affiliate(s) in connection with any other matters.

18. If any person receiving Confidential or Attorneys' Eyes Only Material is subpoenaed in another action or proceeding or served with a document demand, and such subpoena or document demand seeks production or disclosure of such Confidential or Attorneys' Eyes Only Material, the person receiving the subpoena or document demand shall give prompt written notice to counsel for the Producing Party, reasonably cooperate with the Producing Party in resisting production and shall, to the extent permitted

11

by law, withhold production of the subpoenaed Confidential or Attorneys' Eyes Only Material until any dispute relating to the production of such material is resolved.

19. Nothing contained in this Stipulation and Order shall be construed as a waiver by the Producing Party of its right to object on any other permissible grounds to any request for production of documents in this action.

20. This Stipulation and Order may be executed in counterparts by counsel for each party separately.

BAINTON MCCARTHY LLC

By: _____
J. Joseph Bainton
(JB-5934)

Dated: _____
26 Broadway, Suite 2400
New York, New York 10004-1840
(212) 480-3500
Attorneys for Plaintiff

KORNSTEIN VEISZ WEXLER & POLLARD, LLP

By: _____
Daniel J. Kornstein
(DK-3264)

Dated: JUNE 4, 2008
757 Third Avenue
New York, NY 10017
(212) 418-8600
Attorneys for Defendants Medici Group LLC and Robert T. Walston

SO ORDERED:

_____
U.S.D.J.

Dated: 6/10/08