UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

- - - - - - - - - - - - - - - - - - - - - - - - - - - x
                                         :

MEDICI CLASSICS PRODUCTIONS LLC,  :

                    Plaintiff      :

    -against-                        :         1:07-cv-09938 (RJH)

MEDICI GROUP LLC, MEDICI ARTS    :         SECOND
LLC, EUROARTS MEDIEN GmbH,      :   AMENDED COMPLAINT
EUROARTS MUSIC INTERNATIONAL  :
GmbH, MEDICI ARTS LIMITED U.K.,  :
IDEALE AUDIENCE GROUP, S.A.,    :
ROBERT T. WALSTON, THOMAS BAER,  :
NAXOS OF AMERICA INC., MDT MAIL  :
ORDER, AMAZON.COM, INC.,       :
EDUCATIONAL BROADCASTING      :
CORPORATION, and               :
JOHN DOES Nos. 1 to 10,          :

                    Defendants.   :

- - - - - - - - - - - - - - - - - - - - - - - - - - - x

        Plaintiff Medici Classics Productions LLC, by its attorneys, Bainton McCarthy

LLC, for its second amended complaint against Defendants respectfully avers:

### Nature of This Action

        1.      This is an action for unfair competition, false designation of origin and

trademark infringement and federal unfair competition arising under Section 43(a) of the

Lanham Act, 15 U.S.C. § 1125(a)(1), and the common law of the State of New York.

### The Parties

        2.      Plaintiff Medici Classics Productions LLC ("Medici Classics

Productions") is a limited liability company organized under the laws of the State of New York

that maintains its principal place of business in New York.

3.      Defendant Medici Group LLC is a limited liability company organized under the laws of the State of Delaware that engages in business at 650 Madison Avenue, New York, New York, and derives substantial revenue from interstate and international commerce.

4.      Defendant Medici Arts LLC is, upon information and belief, a limited liability company organized under the laws of one the states of the United States, is wholly-owned by Defendant Medici Group LLC, and in turns owns a variety of companies that do business as "Medici Arts Companies" throughout the world as well as the State of New York. Upon information and belief, Defendant Medici Arts LLC does business in the State of New York and derives substantial income from interstate and international commerce.

5.      Defendant EuroArts Medien GmbH is, upon information and belief, a juridical entity organized under the laws of Germany that is wholly-owned and controlled by Defendant Medici Group LLC; that does business in the State of New York; and derives substantial revenue from interstate and international commerce.

6.      Defendant EuroArts International (formerly known as EuroArts Music International GmbH) is a corporation organized under the laws of Germany that is wholly-owned and controlled by Defendant Medici Group LLC; that does business in the State of New York; and derives substantial revenue from interstate and international commerce.

7.      Defendant Medici Arts Limited U.K. is, upon information and belief, a juridical entity organized under the laws of England and Wales; that is wholly-owned and controlled by Defendant Medici Group LLC; that does business in the State of New York and derives substantial revenue from interstate and international commerce.

8.      Defendant Ideale Audience Group S.A. is, upon information and belief, a juridical entity organized under the laws of France that is wholly-owned and controlled by

Defendant Medici Group LLC; that does business in the State of New York; and derives substantial revenue from interstate and international commerce.

9.     Defendant Robert T. Walston is, upon information and belief, the managing member of Defendant Medici Group LLC and its affiliates and is a controlling person of all such entities.  Defendant Walston engages in business in the State of New York and, upon information and belief, derives substantial revenue from interstate and international commerce.

10.     Defendant Thomas Baer is, upon information and belief, a member of Defendant Medici Group LLC and its affiliates and is a controlling person of all such entities. Defendant Baer engages in business in the State of New York and, upon information and belief, derives substantial revenue from interstate and international commerce.

11.     Defendant Naxos of America Inc. (a) is a corporation organized under the laws of one of the states of the United States; (b) at relevant times was and is the United States distributor for Defendants Euroarts Medien GmbH and Euroarts Music International GmbH of recordings bearing a "Medici Masters" or a "Medici Arts" trademark; (c) has sold and is selling such recordings to, among others, citizens of the State of New York; (d) does business in the State of New York via an interactive website; and (e) derives substantial revenue from interstate and international commerce.

12.     Defendant MDT Mail Order (a) is an entity organized under the laws of the United Kingdom and Wales; (b) at relevant times was and is the distributor for Defendant Medici Arts Limited U.K. of recordings bearing a "Medici Masters" or a "Medici Arts" trademark via a hyperlink in the website of Defendant Medici Arts Limited U.K., namely www.mediciarts.co.uk; (c) has sold and is selling via the internet such recordings to citizens of

the State of New York; does business in New York; and (e) derives substantial revenue from international commerce.

13.    Defendant Amazon.com, Inc., is a corporation organized under the laws of the State of Delaware and during relevant times has and is selling via an interactive internet website to citizens of the State of New York recordings bearing a "Medici Masters" trademark stating on its website in respect of such recordings that "Medici Masters is a new label put out by Medici Arts Limited."

14.    Defendant Educational Broadcasting Corporation (a) is a not-for-profit corporation organized under the laws of the State of New York; (b) does business in New York and (c) has sold to citizens of the State of New York both via an interactive internet website and at its store located within this district recordings bearing a "Medici Arts" trademark.

15.    Defendants John Doe Nos. 1 through 10 are natural persons whose identities are presently unknown; do business in New York; derive substantial revenue from interstate and international commerce; are controlled by and act in concert and participation with the foregoing defendants and actually engaged in the tortious conduct described below.

16.    Upon information and belief, all Defendants other than Defendant Educational Broadcasting Corporation have acted in concert and participation with one another and acted under the direction of Defendants Medici Group LLC, Thomas Baer and Robert T. Walston.

17.    Defendants Medici Group LLC, Medici Arts LLC, Euroarts Medien GmbH, Euroarts Music International GmbH, Medici Arts Limited U.K., Ideale Audience Group, S.A., Robert T. Walston and Thomas Baer are collectively referred to as the "Medici Defendants."

18.    At all relevant times, Defendants Naxos of America Inc., MDT Mail Order and Amazon.com, Inc., were disclosed agents of the Medici Defendants in respect of the sale of "Medici Arts" or "Medici Masters" labeled recordings via interactive websites to, among others, citizens of the City and State of New York.

### Background of This Action

19.    Medici Classics Productions has used the trademark "Medici Classics Productions" since September 30, 2003, in connection with the creation, production, advertisement and sale of CDs, videotapes, laser disks and DVDs featuring performances of classical music.

20.    Medici Classic Productions is the owner of United States Registered Trademark Number 3,372,195 for "Medici Classics Productions."

21.    Medici Classics Productions' catalogue of classical music performances has been internationally available since 2003 via an interactive website located at www.mediciclassics.com.

22.    The Medici Defendants maintain an interactive website at www.mediciarts.co.uk.   That website has a "Buy Now" feature that hyperlinks to www.mdt.co.uk.

23.    The Medici Defendants also maintain an interactive website at www.euroarts.com.  That website indicates that Defendant Naxos of America Inc. is the official distributor for the United States of America.

24.    The Medici Defendants also maintain an interactive website at www.medici.tv.

25.     The Medici Defendants also maintain an interactive website at www.medicimedia.com.

26.     On each of these interactive websites, the Medici Defendants offer for sale recordings of performances of classical music in packaging bearing either a "Medici Masters" or a "Medici Arts" trademark.  The Medici Defendants also offer the opportunity to "stream" or download performances of classical music via www.medici.tv.

27.     Via these interactive websites, residents of the City and State of New York have purchased in the past and are encouraged to purchase in the future recordings of performances of classical music bearing a "Medici Masters" or "Medici Arts" trademark or to "stream" or download such performances via www.medici.tv.

28.     On their websites, in press releases and in other ways, the Medici Defendants describe themselves as members of "the Medici Group family of companies dedicated to the production and distribution of audiovisual programming in the classical music and arts arena."

29.     In furtherance of their common scheme to exploit the "Medici" trademark in violation of Plaintiff's rights, the Medici Defendants recently purchased a full page advertisement in "Gramophone" Magazine announcing that "The newly formed label Medici Arts is proud to present a selection of its first class new DVD releases, produced by Euro Arts and Ideale Audience, now promoted through Medici Arts:  a rich catalogue with both concerts and documentaries, classical music …."

30.     In the recording industry generally a "label" is a term that defines the trademark of the manufacturer of the recording as distinguished from the artist whose performance is recorded, e.g. Artist X's recordings are sold on the Y Label.

6

31.    The same full page Gramophone advertisement promotes www.medici.tv as "The worldwide audio-visual platform dedicated to classical music …."

32.    This District is a part of the "worldwide audio-visual platform" toward which exploitation using the "Medici" trademark is directed.

33.    When viewed as a whole this advertisement muddies the concept of juridical separateness of the various entities ultimately wholly owned by Medici Group LLC and creates in the minds of the consuming public an image of a single "Medici" brand/label relating to classical music.

34.    "Medici Masters, " "Medici Arts," "Medici.tv" and "Medici Group," when used in connection with any of the creation, production, advertisement or sale of recordings of performances of classical music infringe the trademark "Medici Classics Productions."

35.    There have been instances of actual confusion by consumers of recordings of performances of classical music offered for sale by Medici Classics Productions and consumers of recordings of performances of classical music offered for sale by Defendants under the "Medici Masters," "Medici Arts," "Medici.tv" and "Medici Group" trademarks.  For example, one need only visit the popular classical music website www.mdt.co.uk, which advertises itself as "The Specialists for Classical Music," and search "Medici."  The search will yield recordings on the Medici Classics Productions "label" and recordings on the Medici Arts "label."

36.    Similarly, in the June issue of "Gramophone" magazine, two recordings were incorrectly reviewed as having been released on the Medici Classics label when in fact they had been released on the Medici Masters label.

37.    The continued use by the Medici Defendants of the "Medici Masters," "Medici Arts," "Medici.tv" and "Medici Group" trademarks and the sale by all Defendants of products so labeled in connection with any of the creation, production, advertisement or sale of recordings of performances of classical music is likely to cause confusion among consumers.

38.    On or about October 1, 2007, Medici Classic Productions placed the Medici Defendants on actual notice of their infringing conduct; Defendants engaged counsel; and then continued to infringe the rights of Medici Classics Productions and otherwise act in violation of applicable law.

39.    During May 2008, Medici Classic Productions placed Defendants Naxos of America Inc. and Educational Broadcasting Corporation on actual notice that their sales of "Medici" branded goods infringed its rights.

40.    The Medici Defendants' infringement of the registered trademark of Medici Classics Productions was and continues to be willful.

41.    The infringement of Naxos of America Inc. and Educational Broadcasting Corporation is also willful.

42.    The Medici Defendants in concert and participation with one another as Medici Group members and/or their authorized agents have caused and are causing recordings of performances of classical music bearing a Medici trademark that infringes Plaintiff's rights to be sold not only via the internet to New York residents, but, in addition, have caused, contributed to, aided and abetted the sale of such infringing goods in a "brick and mortar" store of Defendant Educational Broadcasting Corporation located within this district, namely the recording of a performance of the New York Philharmonic Orchestra in packaging bearing a "Medici Arts" trademark entitled "Live From Pyongyang."

43.    The copyright notice of the Medici Arts trademarked "Live From Pyongyang" is in the names of "EuroArts Music and Educational Broadcasting Corporation."

44.    Defendant Baer is credited as being an "Executive Producer."

45.    The public press attributed the following remarks to Mr. Baer approximately three weeks prior to the New York Philharmonic's historic performance in North Korea: "The broadcast will also be of some financial interest to the orchestra. Once the cost of production is recouped, it can share in the profits from DVDs and television distribution, said Thomas Baer, an executive producer of EuroArts."

46.    Those "Medici Arts" trademarked DVD's sold in this district and elsewhere are described as: "A production of Euroarts Music International in coproduction with Munhwa Broadcasting Corporation, Arte France, and Thirteen/WNET New York, in association with New York Philharmonic, and ABC News, in cooperation with European Broadcasting Union."

47.    Medici Classic Productions has no adequate remedy at law.

### AS AND FOR A FIRST CLAIM
### (For Relief Under the Lanham Act)

48.    The averments of paragraphs 1 through 47 are respectfully repeated and reaverred.

49.    By reason of the foregoing, Defendants have engaged and the Medici Defendants have willfully engaged in conduct that has caused and, if not enjoined, will or is likely to cause confusion or mistake and to deceive consumers, including New York consumers, as to origin and sponsorship as between Medici Classics Productions' creation, production, advertisement or sale of recordings of performances of classical music and the creation,

production, advertisement or sale of recordings of performances of classical music being offered for sale and sold by Defendants.

50.    To the extent any Medici Defendant has not itself actually applied an infringing trademark to the packaging of a recording of a performance of classical music or sold directly or indirectly such an infringing article, it has unlawfully contributed to such actual infringing sales to New York City residents by reason of its membership in the so-called "Medici Group family of companies" and its support of a central and common purpose of that family of companies, namely knowingly infringing the trademark rights in the United States of Medici Classics Productions.

51.    Defendants Naxos of America Inc., MDT Mail Order, Amazon.com, Inc., and Educational Broadcasting Corporation have actually sold via the internet and in the case of Defendant Educational Broadcasting Corporation in a "brick and mortar" store recordings bearing trademarks that infringe the registered trademark of Medici Classics Productions to New York City residents.

52.    Under the Lanham Act Medici Classics Productions is therefore entitled to (a) an injunction preliminarily and then permanently enjoining Defendants from infringing its Medici Classics Productions trademark in respect of any of the creation, production, advertisement or sale of recordings of performances of classical music; (b) an award of three times the actual profits the Medici Defendants and Educational Broadcasting; and (c) an award of its attorneys' fees.

## AS AND FOR A SECOND CLAIM

### (For Relief Under New York Law for Trademark Infringement And Unfair Competition)

53.    The averments of paragraphs 1 through 52 are respectfully repeated and reaverred.

54.    By reason of the foregoing, Defendants have infringed the trademark of Medici Classics Productions; contributed to the infringements by others of the trademark of Medici Classics Productions and competed unfairly under the law of the State of New York.

**55.**    Medici Classics is therefore entitled to (a) an injunction preliminarily and then permanently enjoining Defendants from infringing its Medici Classics Productions trademark in respect of any of the creation, production, advertisement or sale of recordings of performances of classical music, by, among other ways, using any of the "Medici trademarks" to which specific reference is made above; (b) an award of Defendants' actual profits; and (c) an award of its attorneys' fees.

WHEREFORE Medici Classics Productions demands judgment against Defendants as follows:

(a)    On its first claim awarding it (i) an injunction preliminarily and then permanently enjoining Defendants from infringing its Medici Classics Productions' registered trademark in respect of any of the creation, production, advertisement or sale of recordings of performances of classical music; (ii) three times Defendants' actual profits; and (iii) its attorneys' fees;

(b)    On its second claim awarding it  (i) an injunction preliminarily and then permanently enjoining Defendants from infringing its Medici Classics Productions' registered

trademark in respect of any of the creation, production, advertisement or sale of recordings of

performances of classical music; (b) Defendants' actual profits; and (c) its attorneys' fees; and

        (c)     Awarding it such other, further or different relief as to the Court may seem

just and proper.

Dated:  New York, New York
       July 2, 2008

                           BAINTON McCARTHY LLC

                           By:

                             J. Joseph Bainton (JB-5934)
                         *Attorneys for Plaintiff*
                         26 Broadway, Suite 2400
                         New York, NY 10004-1840
                         Telephone:  (212) 480-3500